Filed 4/22/22  P. v. Walling CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C094497 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2100829) |
| v. | |
| JAMES CHARLES WALLING, SR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant James Charles Walling, Sr., filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We affirm the judgment as modified to vacate a fee.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Over the course of several months, defendant repeatedly contacted the victim, his ex-girlfriend, in violation of a domestic violence restraining order. Among other things, he visited her home, sent her threatening texts and e-mails, and left notes to her on street signs in the area.

The prosecution charged defendant with a single count of stalking while subject to a restraining order. (Pen. Code, § 646.9, subd. (b).)[1] On June 4, 2021, defendant pleaded no contest to the charge in exchange for a maximum sentence of three years in custody.

At the sentencing hearing, defense counsel asked for a term of probation, which the trial court denied based on defendant's past difficulties following court orders. The court imposed the low term sentence of two years in custody and a no-contact order covering the victim. (§ 646.9, subd. (k).) The court also imposed a $300 restitution fine (§ 1202.4); a $300 suspended parole revocation restitution fine (§ 1202.45); a $40 court operations fee (§ 1465.8); and a $30 conviction assessment (Gov. Code, § 70373).[2] The court imposed a 10 percent collection fee on the restitution fine. Defendant did not raise any objections based on an inability to pay the fines and fees.

Defendant filed a timely notice of appeal without a certificate of probable cause. The case was fully briefed on March 15, 2022, and assigned to this panel on March 25, 2022.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*,

---

[1] Undesignated statutory references are to the Penal Code.

[2] The trial court also imposed, but later struck, a domestic violence prevention fee.

25 Cal.3d 436.)  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

After reviewing the record, we shall make a modification based on a new law that favors defendant.  At the sentencing hearing, the trial court imposed a ten percent collection fee for the $300 restitution fine under section 1202.4.  At the time of the sentencing hearing, this fee was permitted under former section 1202.4, subdivision (*l*), which stated:  "At its discretion, the board of supervisors of a county may impose a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to be paid, to be added to the restitution fine and included in the order of the court, the proceeds of which shall be deposited in the general fund of the county."

In September 2021, the Legislature enacted Assembly Bill No. 177 (2021-2022 Reg. Sess.) (Assembly Bill No. 177), which repealed and re-enacted section 1202.4, effective January 1, 2022; the re-enacted statute eliminated subdivision (*l*).  (Stats. 2021, ch. 257, §§ 19-20.)  Assembly Bill No. 177 also amended section 1465.9, subdivision (b), which states, in relevant part:  "On and after January 1, 2022 the balance of any court-imposed costs pursuant to Section . . . 1202.4 . . . , as [that section] read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."  (Stats. 2021, ch. 257, § 35.)  Accordingly, the balance of the collection fee imposed by the court is now unenforceable and uncollectible, and defendant is entitled to have the fee vacated.  (See *People v. Clark* (2021) 67 Cal.App.5th 248, 259-260 [construing similar language in Assembly Bill No. 1869 (2019-2020 Reg. Sess.) to vacate fee].)

3

Although the minute order from the sentencing hearing reflects this fee, the abstract of judgment does not, and thus a new abstract of judgment is not required. However, the court should amend its internal records to ensure that the modification of the judgment to vacate the fee is properly reflected therein.

We find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to vacate the 10 percent collection fee imposed under former section 1202.4, subdivision (*l*).  As modified, the judgment is affirmed.  The trial court is directed to update its records accordingly.


$\underline{\hspace{2cm}\text{/s/}\hspace{3cm}}$
Duarte, J.


We concur:



$\underline{\hspace{1cm}\text{/s/}\hspace{3cm}}$
Blease, Acting P. J.



$\underline{\hspace{1cm}\text{/s/}\hspace{3cm}}$
Robie, J.

4